**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MARY P. ARNOLD,

                              Plaintiff,

    v.                                                  No. 03-CV-90 (DRH)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

**APPEARANCES:**

PETER M. MARGOLIUS, ESQ.
Attorney for Plaintiff
7 Howard Street
Catskill, New York 12414

HON. GLENN T. SUDDABY
United States Attorney for the
   Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**OF COUNSEL:**

WILLIAM H. PEASE, ESQ.
Assistant United States Attorney

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Mary P. Arnold ("Arnold") brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for benefits under the Social Security Act. Arnold moves for a finding of disability and the Commissioner cross-moves for a judgment on the pleadings. Docket Nos. 9, 11. For the reasons which follow, the Commissioner's decision be affirmed.

## I. Procedural History

On November 19, 1998, Arnold filed an application for supplemental security income pursuant to the Social Security Act, 42 U.S.C. § 401 et seq. T. 56-58.[1]  That application was denied on March 3, 1999.  T. 36, 38-40.  Arnold also filed a request for reconsideration, but it was denied on April 14, 1999.  T. 37, 41, 43-45.  Arnold requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Carl E. Stephan on November 29, 1999.  T. 20, 47.  In a decision dated December 23, 1999, the ALJ held that Arnold was not entitled to supplemental security income.  T. 17-18.  On January 4, 2000, Arnold filed a request for review with the Appeals Council.  T. 9.  The Appeals Council denied Arnold's request for review, thus making the ALJ's findings the final decision of the Commissioner. T. 4-5.  This action followed.

## II. Contentions

Arnold contends that the ALJ "arbitrarily and capriciously ignored" the treatment records of Doctors Edward A. Apicella and Greenhouse and failed to clarify these medical records.  See Pl. Mem. of Law (Docket No. 9) at 12-13.  Arnold also contends that the Appeals Council failed to consider her attorney's letter-brief of August 20, 2002.  Id. at ¶ 14. The Commissioner contends that there was substantial evidence to support the determination that Arnold was not disabled.

---

[1] "T." followed by a number refers to the pages of the administrative transcript filed by the Commissioner.  Docket No. 6.

### III. Facts

Arnold is currently fifty-two years old and has a ninth grade education. T. 56, 72. Arnold previously worked as a bartender and a clothing trimmer. T. 26, 67. Arnold alleges that she became disabled in January 1991 due to a car accident which resulted in chronic lower back pain. T. 25, 66, 93.

### IV. Standard of Review

### A. Disability Criteria

A claimant seeking disability benefits must establish that "he [or she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2003). In addition, the claimant's impairments must be of such severity that he or she is not able to do previous work or any other substantial gainful work considering the claimant's age, education, and work experience, regardless of whether such work exists in the immediate area, whether a specific job vacancy exists, or whether the claimant would be hired if he or she applied for work. 42 U.S.C. § 1382c(a)(3)(B) (2003).

The Commissioner uses a five-step process, set forth in 20 C.F.R. § 416.920, to evaluate SSI disability claims:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he [or she] is not, the [Commissioner] next considers whether the claimant has a 'severe impairment' which significantly limits his [or her] physical or mental ability to do basic work activities. If the claimant suffers such an

> impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a 'listed' impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work.  Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); see 20 C.F.R. § 416.920 (2003).

The plaintiff has the burden of establishing disability at the first four steps. Shaw v. Chater, 221 F.3d 126, 132 (2d Cir. 2000).  However, if the plaintiff establishes that an impairment prevents him or her from performing past work, the burden then shifts to the Commissioner to determine if there is other work which the claimant could perform.  Id.

### B. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw, 221 F.3d at 131 (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000).

"In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Prentice v. Apfel, No. 96 Civ. 851(RSP), 1998 WL 166849, at *3 (N.D.N.Y. Apr. 8, 1998) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)).  A court, however, cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998).  If the Commissioner's finding is supported by substantial evidence, it is conclusive. Bush v. Shalala, 94 F.3d 40, 45 (2d Cir. 1996).

### V. Discussion

### A. Medical Evidence

Arnold alleges that she became disabled in January 1991 due to a car accident which resulted in chronic lower back pain. T. 25, 66, 93.  On October 20, 1997, Arnold was examined by Dr. Apicella.  T. 104.  Dr. Apicella noted working diagnoses of posterior joint syndrome and degenerative joint disease.  Id.  Dr. Apicella also noted that there were no objective signs of pain but recommended that she continue with physical therapy.  Id.  On July 6, 1998, Dr. Apicella determined that Arnold was temporarily totally disabled until he could finish the treatment plan he had developed for her.  T. 100.  Shortly thereafter, Dr. Apicella again examined Arnold and noted that her posterior joint syndrome was a "generalized ache . . . [that] should resolve on its own since it is not chronic."  T. 99. Dr. Apicella last examined Arnold on September 27, 1999, noting that the bilateral lumbar facet joint injections he performed had given her significant pain relief for several months but that

pain was starting to come back.  T. 143.

On February 5, 1999, Arnold was examined by Dr. Asim Yousef, a consultative physician.  T. 114.  Dr. Yousef noted that Arnold was able to walk heel-to-toe and had a full range of motion of the hips, knees, ankles, and shoulders.  T. 115.  Dr. Yousef also noted that Arnold would benefit from weight loss and continued physical therapy.  T. 116.  On March 3, 1999, Arnold was examined by Dr. Deborah Bostic, a Disability Determination Service ("DDS") physician.  T. 130-37.  Dr. Bostic concluded that Arnold was able to lift/carry ten pounds occasionally and less than ten pounds frequently, stand and/or walk for at least two hours, and sit for approximately six hours in an eight-hour workday.  T. 131.

On March 15, 1999, Arnold was treated by Dr. Louis DiGiovanni after being involved in a car accident.  T. 119.  Dr. DiGiovanni examined Arnold and noted that she had a full range of motion and was able to walk with a slight limp.  Id.  A bone scan and x-rays were taken but failed to reveal any evidence of a fracture.  T. 119-21.  Dr. DiGiovanni recommended that Arnold begin physical therapy and provided her with Celebrex.  T. 119.

### B. Treating Physician's Rule

Arnold contends that the ALJ ignored the medical findings of his treating physicians, Drs. Apicella and Greenhouse.

When evaluating a claim seeking disability benefits, factors to be considered include objective medical facts, clinical findings, the treating physician's diagnoses, subjective evidence of disability, and pain related by the claimant.  Harris v. R.R. Ret. Bd., 948 F.2d 123, 126 (2d Cir. 1991).  Generally, more weight is given to a treating source.  Under the

regulations, a treating source's opinion is entitled to controlling weight if well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2) (2003); Shaw, 221 F.3d at 134. Before a treating physician's opinion can be discounted, the ALJ must provide "good reasons." Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998).

The ALJ is required to assess the following factors in determining how much weight to accord the physician's opinion: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors." Schaal, 134 F.3d at 503. If other evidence in the record conflicts with the opinion of the treating physician, this opinion will not be deemed controlling or conclusive, and the less consistent the opinion is, the less weight it will be given. Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999). Ultimately, the final determination of disability and a claimant's inability to work rests with the Commissioner. Id. at 133-34; see 20 C.F.R. §§ 404.1527(e), 416.927(e) (2003).

Here, Arnold contends that the ALJ ignored three of Dr. Apicella's treatment records from July and August 1998. See T. 99-101. In these records, Dr. Apicella noted that Arnold complained of lower back pain and was temporarily totally disabled but was hopeful that with treatment she could resume full-time sedentary work. Id. Dr. Apicella also diagnosed Arnold with posterior joint syndrome, but characterized her condition as a "generalized ache . . . which should resolve on its own since it is not chronic." T. 99. However, contrary to Arnold's contention, the ALJ did in fact discuss these treatment

7

records, noting, inter alia, Dr. Apicella's conclusions that Arnold suffered from posterior joint syndrome and she was disabled for anything but sedentary work. T. 14-15. Further, "'[a]lthough required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and [his] failure to cite specific evidence does not indicate that it was not considered.'" Barringer v. Comm'r of Soc. Sec., 358 F. Supp. 2d 67, 79 (N.D.N.Y. 2005) (quoting Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (citation omitted)). Thus, Arnold's claim that the ALJ ignored certain treatment records of Dr. Apicella is without merit.[2]

Moreover, the ALJ's findings were supported by substantial evidence. Although Dr. Apicella submitted reports to the Department of Social Services that indicated Arnold was incapable of working in any capacity, the ALJ discussed the lack of laboratory or clinical findings to support his conclusion. T. 15-16. In an attempt to treat her complaints of pain, Arnold was given x-rays of her spine, bone scans, and an MRI. T. 106, 117, 119-21, 142. However, these tests failed to demonstrate any abnormalities. Moreover, two DSS physicians found that Arnold was capable of performing light work. T. 130-37. Thus, there is substantial evidence to support the ALJ's finding that Arnold retained the residual functional capacity to perform a full range of light work.

Therefore, it is recommended that the Commissioner's finding in this regard be

---

[2] As to Arnold's contention that the ALJ ignored Dr. Greenhouse's diagnosis that she suffered from myofascial syndrome, this claim is also without merit. The ALJ explicitly mentioned that "examiners set forth diagnoses including myofascial syndrome . . . ." T. 14. Moreover, as discussed infra, the ALJ's determinations regarding Arnold's residual functional capacity to perform a full range of light work was supported by substantial evidence.

8

affirmed.

### VI. Conclusion[3]

WHEREFORE, for the reasons stated above, it is hereby

**ORDERED** that the decision denying supplemental security income benefits be **AFFIRMED**, Arnold's motion for a finding of disability (Docket No. 9) be **DENIED**, and the Commissioner's cross-motion (Docket No. 11) be **GRANTED**.

DATED: March 27, 2007
       Albany, New York

_/s/ David R. Homer_
United States Magistrate Judge

---

[3] Arnold also contends that the Appeals Council's failure to consider her attorney's letter brief requires remand. Pl. Mem. of Law at ¶ 14. However, Arnold has not identified any prejudice as a result of this alleged error and, thus, remand is not warranted on this ground.